


FILED

Oct 10 2024, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

In the Matter of the Civil Commitment of:

F.L.,

*Appellant-Respondent*

v.

Community Fairbanks Behavioral Health,

*Appellee-Petitioner*

---

October 10, 2024

Court of Appeals Case No.
24A-MH-2216

Appeal from the Marion Superior Court

The Honorable Mary Beth Bonaventura, Senior Judge

The Honorable David J. Certo, Judge

Trial Court Cause No.
49D08-2408-MH-39855

---

**Opinion by Judge Mathias**

Judge Foley and Senior Judge Robb concur.

**Mathias, Judge.**

[1] F.L. appeals her involuntary temporary commitment to Community Fairbanks Behavioral Health ("Community" or "the hospital") following a hearing in the Marion Superior Court. F.L. presents a single issue for our review, namely, whether the hospital presented sufficient evidence to prove that she is gravely disabled.[1]

[2] We affirm.

## Facts and Procedural History

[3] F.L. lives with her adult son on the south side of Indianapolis. On August 28, 2024, she called 9-1-1 because she was experiencing tooth pain and dizziness. Upon her admission to the hospital, F.L. demonstrated "psychotic symptoms."[2] Tr. p. 4. On August 29, Dr. Kanwaldeep Sidhu, a psychiatrist, examined F.L., who told him that "she was hearing voices and that she has been talking to aliens. She believes that she's a hyper-human and has multiple hyper-human

---

[1] On July 16, 2024, our Supreme Court issued an order establishing the Marion County Expedited Mental Health Appeals Pilot Project, whereby the briefing schedule for these time-sensitive appeals has been altered to allow this Court to review temporary commitments when we can still provide meaningful relief to appellants.

[2] F.L. was first admitted to Community South hospital, but she was transferred to Community North hospital.

children." *Id.* at 6. F.L. told Dr. Sidhu that "her sleep and appetite had been declining" and that "she had not been functioning well because of [her] symptoms." *Id.* Dr. Sidhu diagnosed F.L. as having schizoaffective disorder, bipolar type.

[4] Community sought a temporary commitment order. At the hearing on Community's petition, Dr. Sidhu testified that

> [F.L.] told me that aliens talked to her about multiple things, about everything she does, they help her braid her hair. And she said in 2019, she heard a voice telling her that she was the chosen one and part of the 144,000. And she also told me that she gets very overwhelmed. When she's asked too many questions, her mind goes in different directions, which indicates the negative symptoms, poor concentration. And she said she has poor memory, poor concentration, is not able to focus much on very complex tasks. And she also told me that she has not been showering in the hospital, has not been caring for herself. She does some what she called washes and has not changed clothes for several days ever since she's been in the hospital. So, most people with schizophrenia or schizoaffective disorder have these symptoms. And then plus she has this mood component where mood is euphoric, [and she] has decreased need for sleep. So with those two things together, we call that schizoaffective disorder bipolar type.

*Id.* at 7.

[5] Dr. Sidhu also testified that F.L. had refused prescribed medications during her hospital stay. And he testified that, "[w]ith all the confusion and delusions, the hallucinations, I don't think she can take care of [her] basic needs. And they're

going to likely impair her further and she'll end up in the hospital again. With treatment, I think she does better." *Id.* at 8.

[6] During the hearing, the trial court asked questions of F.L., who testified, in part, as follows:

> [The aliens are] using my - oh my God. Well, there's like a magnetic - number one, OK. Like when they're having sex with someone, they can - my teeth all of a sudden my teeth clench like this. Like, they're biting, like, I'm biting a piece of meat and then my feet, they're like, pressing, like, they're melting in the ground and it could be someone in the room is primarily the one, the person that's in front of me. That's who they're having sex with and then if I try to move, turn my head, it's like almost like a magnetic pull. It's almost like a magnetic pull. Like they're having sex with another person and it just pulls my head back to another sex. So it might be, it could be like 20 people in the room and they can be having sex with them and it's through my body. I can feel it. Yes, I can feel it in my vagina too. It's almost like the sensation I get is like, if you ever had like, a back massage or, I don't think it's a back massage. Just those things that you have to put electrode and they're like, beating on you. Do you know what I'm talking about?

*Id.* at 27.

[7] At the conclusion of the hearing, the trial court found that F.L. was gravely disabled and granted the temporary commitment for up to ninety days. This expedited appeal ensued.

## Discussion and Decision

[8] F.L. contends that Community did not present sufficient evidence to show that she was gravely disabled to justify her temporary commitment. When reviewing the sufficiency of the evidence supporting a civil commitment, we consider only the probative evidence and reasonable inferences supporting it, without weighing evidence or assessing witness credibility. *Civ. Commitment of T.K. v. Dep't of Veterans Affairs*, 27 N.E.3d 271, 273 (Ind. 2015). We will affirm if clear and convincing evidence supports the trial court's judgment. *Id.* Clear and convincing evidence requires proof that the existence of a fact is "highly probable." *Matter of Commitment of C.N.*, 116 N.E.3d 544, 547 (Ind. Ct. App. 2019).

[9] Indiana Code section 12-26-2-5(e) provides that a petitioner for a temporary commitment must prove by clear and convincing evidence that (1) an individual is mentally ill and either dangerous or gravely disabled and (2) detention or commitment of that individual is appropriate. An individual is "gravely disabled" when she has

> a condition in which [the] individual, as a result of mental illness, is in danger of coming to harm because the individual: (1) is unable to provide for that individual's food, clothing, shelter, or other essential human needs; or (2) has a substantial impairment or an obvious deterioration of that individual's judgment, reasoning, or behavior that results in the individual's inability to function independently.

I.C. § 12-7-2-96.

F.L. concedes that she is mentally ill. However, she maintains that she is able to take care of herself and function independently and is not, therefore, gravely disabled. But F.L.'s argument amounts to a request that we reweigh the evidence, which we cannot do on appeal.

Both Dr. Sidhu's testimony and F.L.'s own testimony showed that F.L. has a substantial impairment or an obvious deterioration of her judgment, reasoning, or behavior. F.L. does not accept her diagnosis and refuses prescribed medication.[3] Dr. Sidhu testified that, "[w]ith all the confusion and delusions, the hallucinations, I don't think [F.L.] can take care of [her] basic needs. And they're going to likely impair her further and she'll end up in the hospital again. With treatment, I think she does better." *Id.* at 8. That evidence shows that, as a result of her mental illness, F.L. cannot function independently. Thus, Community presented sufficient evidence to show that F.L. is gravely disabled, and the trial court did not err when it ordered F.L.'s temporary commitment under Indiana Code section 12-26-2-5(e)(2). *See, e.g.*, *A.S. v. Indiana Univ. Health Bloomington Hosp.*, 148 N.E.3d 1135, 1140-41 (Ind. Ct. App. 2020) (affirming a

---

[3] In support of its argument on appeal, Community cites to this Court's recent memorandum decision in *M.B. v. Richard L. Roudebush Veterans Affairs Medical Center*, No. 24A-MH-835, 2024 WL 4100562 (Ind. Ct. App. Sept. 6, 2024). In *M.B.*, we acknowledged that the "denial of illness and refusal to medicate, standing alone, are insufficient to establish grave disability because they do not establish, by clear and convincing evidence, that such behavior 'results in the individual's inability to function independently.'" *Id.* at *3 (quoting *Civil Commitment of T.K. v. Dep't of Veterans Affairs*, 27 N.E.3d 271, 273 (Ind. 2015)). However, we observed that, "just because those factors cannot be utilized 'alone' or 'standing alone' to support an order of commitment, does not necessarily mean that those factors should be discounted. Instead, we believe it is reasonable to consider the context of those factors, which includes background information to provide that context." *Id.* at *4. And what is of added importance is why the person is not taking the medicine. Here, F.L.'s lack of insight into her mental illness and refusal to take prescribed medication are relevant to the trial court's determination of her grave disability.

finding of grave disability where delusional patient suggested she was Jesus, refused medication, acted inappropriately at the hospital, and was threatening toward hospital staff).

[12]     Affirmed.

Foley, J., and Robb, Sr.J., concur.

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Jenny R. Buchheit
Sean T. Dewey
Ice Miller LLP
Indianapolis, Indiana